CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JAHKEEM JONES** | ) | Case No. 7:24-cv-331 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Robert S. Ballou |
| | ) | United States District Judge |
| **R. OWENS,** | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Jahkeem Jones, a Virginia inmate acting *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendant R. Owens, an Officer at Red Onion State Prison, violated his rights under the Eighth Amendment by using excessive force against him.[1] Dkt. 1. Officer Owens filed a motion to dismiss for failure to state a claim to which Jones has responded. Dkt. 10, 15. Because Jones's allegations fail to satisfy both elements of an excessive force claim, I grant the motion to dismiss.

**I.   Motion to Dismiss**

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *Id.* While courts must liberally

---

[1] Though Jones does not specify that he brings an excessive force claim in his Complaint, he confirms in his response to the motion to dismiss that he brings "an Eighth Amendment claim of excessive force against [Officer Owens]." Dkt. 15.

construe *pro se* complaints, such liberal construction is not without limits and a *pro se* plaintiff still must allege facts that state a cause of action. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Facts

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 570). Construing the Complaint in this manner, Jones alleges the following facts giving rise to his claims. On October 3, 2023, while Jones was in the shower, a "fight broke out" in his housing pod. Compl., Dkt. 1. Even though Jones was not involved in the fight and no one involved in the fight was near him, Officer Owens "purposely shot at [Jones]" and one of the shots "ricocheted off the shower floor" hitting Jones's right hip. *Id.*

### B. Motion to Dismiss for Failure to State a Claim

Officer Owens moves to dismiss the Complaint, arguing that Jones fails to state an Eighth Amendment excessive force claim because his allegations show that Officer Owens "fired the shot to end the ongoing fight in Jones's housing pod" and Jones alleges no injury. Dkt. 11. Jones responds, emphasizing that he was not involved in or near the fight that broke out in his housing pod, and stating that Officer Owens "appeared frustrated" and "intentionally" fired several shots in Jones's direction. Dkt. 15. Though Jones states that the shots fired by Officer Owens "ricocheted" and hit him, he does not allege any injury.

"The Eighth Amendment protects prisoners from 'unnecessary and wanton infliction of pain.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). A prisoner's Eighth Amendment excessive force claim involves both an objective and subjective component. "The objective component asks whether the force applied

2

was sufficiently serious to establish a cause of action." *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). This is not a high bar, requiring only something more than "nontrivial" or "*de minimis*" force. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 10 (1992). While even a slight injury can give rise to an Eighth Amendment excessive force claim, not every malevolent touch by a prison guard amounts to a deprivation of constitutional rights. *Hudson*, 503 U.S. at 5. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins,* 599 U.S. at 37–38 (quotation omitted).

The subjective component is a more demanding standard. *Brooks,* 924 F.3d at 113. "[T]he subjective component . . . asks whether the officers" against whom the claim is brought "acted with a sufficiently culpable state of mind." *Id.* (quotation marks removed). "[T]he state of mind required is wantonness in the infliction of pain," which "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 112-13 (cleaned up).[2]

Jones claims that Officer Owens, during his attempt to break up a fight in the housing pod, used excessive force against Jones by "purposely" shooting near him, even though the fight was in a different location in the pod, away from where Jones was showering. The bullets ricocheted in the shower, striking Jones in the hip. However, because Jones alleges no injury

---

[2] When evaluating the subjective component, courts apply "a non-exclusive, four-factor balancing test," known as the *Whitley* factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts to temper the severity of a forceful response.

*Thompson*, 878 F.3d at 99.

from Officer Owens's actions, his excessive force claim fails. While I recognize that "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts" the extent of injury suffered by an inmate is still relevant to his excessive force claim, because it may indicate the amount of force applied. *Wilkins*, 559 U.S. at 38. "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id*. Other courts in the Fourth Circuit have found no basis for an inmate's excessive force claim where the inmate suffered no injury. *See Atkins v. Glaser*, No. 1:18CV354, 2022 WL 1085000, at *7 (E.D. Va. Apr. 11, 2022) (collecting cases and noting that finding is "consistent with decisions of both district courts and courts of appeals nationwide"). A ricocheting bullet, shot during a fight in the housing pod, that, despite hitting an inmate, causes him no injury does not constitute the force "of a sort repugnant to the conscience of mankind."[3] *Wilkins*, 559 U.S. at 37–38.

## II.     Conclusion

Accordingly, the defendant's motion to dismiss is granted and this case is dismissed without prejudice. An appropriate Order accompanies this Opinion.

Entered:  March 31, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[3] Of course, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins,* 559 U.S. at 38. Likewise, an inmate who is "gratuitously" shot at and hit by a guard, but not *seriously* injured, could likely pursue an excessive force claim. What distinguishes this case, however, is that Jones alleges no injury at all.